UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARK ALLEN PORTER,

          Plaintiff,

                                       CASE NO. 2:07-CV-15042
v.                                   HONORABLE GERALD E. ROSEN

HONORABLE JAMES P. ADAIR, et al.,

          Defendants.

_____/

## OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

**I.    Introduction**

Mark Allen Porter ("Plaintiff"), a Michigan prisoner, has filed a civil rights complaint

pursuant to 42 U.S.C. § 1983.  The Court has granted Plaintiff's application to proceed without

prepayment of the filing fee.  *See* 28 U.S.C. § 1915(a).  In his complaint, Plaintiff alleges that St.

Clair County Circuit Judge James P. Adair and the Clerk of the Court (identified as John/Jane

Doe) have violated his constitutional rights, particularly his First Amendment right of access to

the courts, by dismissing state court cases challenging his criminal convictions.  He seeks

monetary damages and injunctive relief.  Having reviewed the complaint, the Court dismisses it

on the basis of immunity.  The Court also concludes that an appeal cannot be taken in good faith.

**II.    Discussion**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before

service on a defendant if it determines that the action is frivolous or malicious, fails to state a

claim upon which relief can be granted, or seeks monetary relief against a defendant who is

immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is

similarly required to dismiss a complaint seeking redress against government entities, officers,

and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief

may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. §

1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton

v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a

person who acted under color of state or federal law, and (2) the defendant's conduct deprived

the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149,

155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights

complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones

v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded

*pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

The defendants in this case are entitled to absolute immunity. Plaintiff names a St. Clair

County Circuit Court Judge and the Clerk of the Court as defendants in this action. Judges and

judicial employees are entitled to absolute judicial immunity as to Plaintiff's claim for damages.

*See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is

absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or

in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996); *Bush v. Rauch*, 38

F.3d 842, 847 (6th Cir. 1994) (court administrator who executes court order has absolute

immunity); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (per curiam) (court clerk who

issued erroneous warrant on judge's order was immune from suit). Moreover, the 1996

amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or

equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act

or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless

a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v.*

*Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City*

*of Ypsilanti, et al.*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (Rosen, J.); *accord Asubuko*

*v. Royal*, 443 F.3d 302, 304 (3rd Cir. 2006); *Hass v. Wisconsin, et al.*, 109 Fed. Appx. 107, 113-

14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000). Any allegations

against the judge and court clerk involving Plaintiff's challenges to his criminal proceedings

involved the performance of judicial duties. Those defendants are absolutely immune from suit

for such conduct. Plaintiff's complaint must therefore be dismissed based upon immunity.[1]

## III.    Conclusion

For the reasons stated, the Court concludes that the defendants are absolutely immune

---

[1]To the extent that Plaintiff challenges his state court criminal proceedings and his
continued confinement, he fails to state a claim upon which relief may be granted under § 1983.
*See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state
a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would
necessarily render his continuing confinement invalid, until and unless the reason for his
continued confinement has been reversed on direct appeal, expunged by executive order,
declared invalid by a state tribunal, or has been called into question by a federal court's issuance
of a writ of habeas corpus under 28 U.S.C. § 2254). *Heck* and other Supreme Court cases, when
"taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)
– no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's
suit (state conduct leading to conviction or internal prison proceedings) – if success in that action
would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v.*
*Dotson*, 544 U.S. 74, 81-82 (2005).

from suit under 42 U.S.C. § 1983 and that this civil rights complaint must be **DISMISSED**.

Additionally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6ᵗʰ Cir. 1997).

**IT IS SO ORDERED**.


s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  December 12, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 12, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager